## COX v HASTINGS

Ohio Appeals, 9th Dist, Lorain Co

No 622.  Decided Oct 13, 1932

Stevens & Stevens, Elyria, for plaintiff in error.

Stetson & Butler, Elyria, for defendant in error.

PER CURIAM

We find no error in the court's permitting him to so testify. We think he had a perfect right to change his testimony, if he did change it, or to explain it, and that it would have been error for the court to refuse him that right. The jury had a right, in weighing his testimony, to take into consideration any explanation or change that there was in his testimony, and it was not error for the court to refuse to strike from the record the evidence in reference to his giving the administrator the money to pay said doctor bill.

At the conclusion of the evidence, Cox asked the court to charge the jury that, as a general rule, affirmative testimony is stronger than negative testimony, if the witnesses are of equal credibility and had the same opportunities of observation. That request was made because Cox had sworn positively that he did sound the horn, and several of the witnesses for Hastings, who were there and had an opportunity to hear, had testified that they did not hear any horn sounded.

In a large number of the jurisdictions where courts are not permitted to comment upon the weight of the evidence, it is held that to charge a jury in respect of the relative value of positive and negative testimony is an unnecessary and improper interference with the province of the jury and it is quite generally held that, in any case, the giving of such instructions is largely within the discretion of the court, and the cases are very few indeed that hold that a refusal of such instructions is reversible error.

While it possibly might not have been error to have charged as suggested by counsel, we are of the opinion that the failure of the court to charge as requested was not error, and in any event, under the circumstances of this case, we are quite clearly of the opinion that it was not prejudicial error.

The circumstances under which Mrs. Hastings received her injuries were these:

At about 11 o'clock in the evening, she came out of a grange hall facing upon a country highway which was improved or paved to a width of 16 or 18 feet. There was a small electric light on the front of said building, and likewise a small electric street light across the road and a little to the north of said building, and at the side of the road in front of said building there was an automobile, which was standing partly on the berm and partly on the pavement, and the occupant thereof was waiting for his wife to get in. Mrs. Hastings' car was across said highway, a little south of said car, and she came out of said hall and started to cross the street and was hit by the Cox car on the berm on the opposite side of the street.

Cox was operating his automobile from the south, northward, along said highway, and for some little distance before the accident, his car was in the middle or partly on the left-hand side of the paved portion of the highway, that being the side of the road opposite from said grange hall.

The court charged the jury that the statute required vehicles to keep to the right side of the road or highway, except when necessary to turn to the left in crossing the road or highway or in "overtaking and passing another vehicle," and that a violation of said section constituted negligence, and it is claimed that the court committed prejudicial error in so charging.

In view of the circumstances that Cox probably turned his car further to the left to avoid hitting Mrs. Hastings, the court might well have refrained from charging said statute, but the evidence established beyond peradventure that Cox was overtaking and passing another vehicle which was standing partly on the right-hand side of said pavement, and as the statute as read permitted him to turn to the left under such circumstances, and the court left it to the jury to decide whether he violated the statute, there was no prejudice to Cox in the court's so charging under the facts and circumstances as shown in this case.

According to the record in the case, Mrs. Hastings received her injuries on June 18, 1930, and she died from other causes on March 2, 1931, and it is claimed that the court erred in charging the jury as follows:

"The remaining item of claimed damages claimed by the plaintiff, as I have already stated, arises under the allegation in his petition in which he says he was deprived of the society of his said wife, Harriet Hastings. Should you find in favor of the plaintiff, in fixing the amount of damages, there will be this third item for your consideration. You should in that event determine from the evidence what, if any, loss there was to the plaintiff because of such injuries to her person, of her society and companionship between the date of her injuries, which was the 18th day of June, 1930, until the 2nd day of March, 1931, a period of eight months and fourteen days. The plaintiff, I say to you, would not be entitled to recover because of any loss of society and companionship of his said wife after her death."

We do not think that this part of the charge is subject to the criticism made that it conveys the idea or suggestion that Hastings could recover for loss of companionship for the length of time named even though his wife fully recovered from the effect of said injuries before the end of the period. The jury was told that, under the circumstances set forth, it should "determine from the evidence what, if any, loss there was to the plaintiff because of such injuries to her person, or her society and companionship" between said dates.

The court also charged that §12603-1 GC provides that—

"Whoever operates a motor vehicle upon the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, so as to endanger the life, limb or property of any person while in the **lawful** use of the roads or highways, shall be deemed guilty of a misdemeanor."

It is claimed that this was error because it carried with it the implication that Mrs. Hastings was in the lawful use of the highway.

We do not think that such a construction of that part of the charge is warranted, and besides, there is no evidence in the record that when Mrs. Hastings started to cross the road she failed to look both ways for approaching automobiles, nor that she was not in the lawful use of the highway.

There are several other complaints made in reference to the charge of the court, but when the parts complained of are read in connection with the whole charge, we find no prejudicial error.

In many respects the charge was very favorable to Cox, and on the whole, we think he had a fair trial, and the judgment is affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur.